Max F. Brackenwagon
vs.
Walter F. Fitzpatrick, C. T. } No. 84873.

November 25, 1931.

CHURCHILL, J. Heard on motion for a new trial after verdict for the plaintiff for $5,053.50.

The defendant moves for a new trial on the ground that the verdict is against the law and the evidence.

The action was one of trespass on the case for obstruction of an easement.

The plaintiff owned a lot of land with a building thereon, in which he conducted a grocery business, located on the west side of Burrows Street south of the junction of Burrows Street and Roger Williams Avenue. Burrows Street was not an accepted street. Land of which the plaintiff's lot was a part had been platted by the owner in 1871 and on the plat Burrows Street was laid out as a street.

Under the case of *Johnson* vs. *Old Colony R. R. Co.*, 18 R. I. 642, the plaintiff was entitled to recover damages if the City in an unauthorized manner obstructed the plaintiff's right of access. This was what the City did. In 1930 the City of Providence re-located Roger Williams Avenue and built approaches to a new bridge over the N. Y., N. H. & H. R. R. Co.'s tracks. In building the approaches to the bridge the City constructed a ramp in Burrows Street. The top of the ramp opposite the lot owned by the plaintiff was 7 feet higher than the original layout of Burrows Street. On the top of the ramp thus constructed the

City built a fence. Access from the street to the plaintiff's store was gained by a flight of steps.

The acts of the City in constructing and maintaining this ramp were tortious as far as the plaintiff was concerned. At the trial the defendant admitted its liability.

One of the expert witnesses called by the plaintiff testified that the damage to the lot caused by the acts of the City was $3,000. Another witness called for that purpose testified that the loss was $2,750. The experts called by the City varied in their estimates of damages from $2,000 to $1,600.

In addition to the damage to the land, the jury were warranted in taking into consideration the damage caused to the good will of the business conducted by the plaintiff. The jury were charged in substance that if, in addition to the tangible investment, the business as conducted by the plaintiff had an element of value arising from its location, length of time it had been carried on there and character of customers, and if such element of value had a market value, and it had been impaired by the unauthorized acts of the City, the plaintiff would be entitled to damages on that account.

The plaintiff testified that previous to the year 1930 his gross receipts had run from $400 to $425 a week. From January 4, 1930, to September 4, 1930, the plaintiff kept a written record of his weekly receipts and, as shown by such record, the receipts had dwindled from $413.45 received for a week in January, 1930, to $112.22 received for the last full week in August, 1930. In addition to this there was presented the testimony of an expert witness for the plaintiff on the value of the business as a going concern. He stated that the good will element of the business before the work was commenced by the City was about $2,700 and that it had been destroyed by the obstruction to the approaches to the store

caused by the works erected and maintained by the City in Burrows street.

It is apparent from the testimony that the ramp was of such a character that it materially obstructed access to the store and it is an unescapable conclusion from uncontradicted testimony that the plaintiff's business suffered a material loss therefrom.

There is nothing in the record which would justify this Court in ruling that the jury were not warranted in accepting the estimates of damage given by the witnesses for the plaintiff and rejecting the estimates given on behalf of the defendant.

It is clear to the Court that the verdict is sustained by the weight of the evidence and that it does justice between the parties.

Motion for a new trial is denied.

For plaintiff: Curran, Hart, Gainer & Carr.

For defendant: John C. Mahoney, City Solicitor.